# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN LESLIE BOYT,

        Plaintiff,                    Case Number: 07-CV-15263

v.                                      HON. GEORGE CARAM STEEH

CITY OF LAKE ORION, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

Plaintiff Steven Leslie Boyt has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

### II. Analysis

Plaintiff is currently incarcerated pursuant to a 2006 conviction for aggravated stalking, for which he was sentenced to 1-1/2 to 15 years imprisonment. In his complaint, he argues that

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

police lacked probable cause to arrest him, thereby violating his rights under the Fourth Amendment.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In this case, however, Plaintiff clearly seeks habeas corpus relief because his claim addresses the constitutionality of his conviction and sentence. A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his conviction and sentence. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. *See also* Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

A judgment in favor of Plaintiff would imply the invalidity of his conviction and sentence. Neither Plaintiff's conviction nor his sentence has been overturned or declared invalid. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III. Conclusion

For the reasons stated above, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED**.

Dated: December 20, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 20, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---